IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PETTIX MCMILLAN,

                      Plaintiff,

      v.                                    CASE NO. 22-3278-JWL-JPO

BYRON ALEXANDER, ET AL.,

                      Defendants.

## MEMORANDUM AND ORDER

Plaintiff Pettix McMillan, a state prisoner who is incarcerated at Lansing Correctional Facility (LCF) in Lansing, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. The Court has conducted an initial review of the complaint and has identified deficiencies in the complaint, which are set forth below and which leave the complaint subject to dismissal in its entirety. The Court will allow Plaintiff the opportunity to file a complete and proper amended complaint on court-approved forms that cures those deficiencies.

**I.    Nature of the Matter before the Court**

Plaintiff names as defendants Byron Alexander, an Activities Specialist II for the Kansas Department of Corrections; James Skidmore, who was Acting Warden of LCF at the time of the incidents underlying the current complaint; the Supervisor of Maintenance for Core Civic, the company Plaintiff asserts built LCF; Centurion Health Services (Centurion), which provides medical services to inmates at LCF; (fnu) Tilson, Health Care Administrator, employed by "Contract Health Care for the Dep[artment] of Corrections"; Dr. Bryan Wilson, M.D., a medical doctor employed by Centurion; and (fnu) Karry, an Advanced Registered Nurse Practitioner

1

(ARNP) employed by Centurion. (Doc. 1, p. 8-9.)

As the factual background for this complaint, Plaintiff alleges that on March 29, 2022, he was using indoor weight-lifting equipment provided for outdoor use at LCF and the cable snapped, causing the weight bar to fall onto Plaintiff's forehead. *Id.* at 11. Plaintiff suffered a one-inch laceration. He was escorted to the medical clinic, where he received five stitches for the forehead laceration, received one dose of pain medication, and was put on a concussion protocol. *Id.* The medication administered to Plaintiff was one that defendants knew Plaintiff was allergic to, and the resulting "[e]xtreme [a]llergic [r]eaction" caused Plaintiff's "[m]edical [c]ondition to worsen." *Id.* at 12. Moreover, the Centurion Health Services Clinic did not comply with concussion protocol in that they did not keep Plaintiff under observation for the 24 or 48 hours following the incident. *Id.* at 11-12. Centurion employees were indifferent to his reported symptoms of headache, insomnia, memory loss, lightheadedness, dizziness, and blackouts. *Id.* at 11. Instead, medical staff told Plaintiff to go to work. Plaintiff adds that Defendants Wilson and Karry failed to provide appropriate testing and medical care to treat blunt force trauma. *Id.* at 12.

In compliance with the instructions from medical staff, Plaintiff went to work in the Industrial Yard at LCF (for KCI Chemical). *Id.* At some point, he became unresponsive and was taken by emergency services to a hospital, where he was diagnosed with "Blunt force Trauma, causing Neurological Issues therefore causing [Plaintiff] to be unresponsive"; concussion; an allergic reaction; and "Fluid on Brain." *Id.* (capitalization in original). Plaintiff has suffered significant injuries including long-term brain injury and memory loss, but Centurion staff are deliberately indifferent to Plaintiff's medical needs. *Id.* at 13.

In the attachments to his complaint, Plaintiff alleges five "issues": (1) the deprivation of "prescribed treatment known to be vital to the arrest and retardation of a life threatening, serious

illness" violated his constitutional due process rights as protected by the Fifth and Fourteenth Amendments; (2) the deprivation of "prescribed treatment known to be vital to the preservation of life" constituted cruel and unusual punishment prohibited by the Eighth Amendment; (3) "[t]he acts, actions, or the omission of appropriate acts or actions, committed with deliberate indifference . . . which torture or cause one to live in physical and mental pain or duress and/or threaten the life of any person unnecessarily" violated the Eighth Amendment; (4) the deliberate indifference to causing Plaintiff pain, suffering or torture, or endangering Plaintiff's life violates Kansas criminal statutes; and (5) governmental entities, officials, or agents, which create or permit violations of the law are guilty and liable thereof. *Id.* at 10-11.

In another part of the attachments to the complaint, Plaintiff articulates three "causes of action": (1) Defendants violated Plaintiff's right to be free from cruel and unusual punishment, as protected by Article 9 of the Kansas Constitution and the Eighth Amendment to the United States Constitution; (2) Defendants violated Plaintiff's rights under K.S.A. 75-5210 to invoke the grievance procedure; and (3) Defendants violated Plaintiff's due process rights under Articles One and Eight of the Kansas Constitution when they denied him help sought under K.S.A. 75-5210. *Id.* at 13. As relief, Plaintiff requests $100,000.00 in compensatory damages from each defendant; $100,000.00 in declaratory damages from each defendant; more than $500,000.00 in punitive damages from each defendant, and court and litigation costs. *Id.* at 14.

## II. Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes

a pro se complaint such as this one and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct,

much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

### III. Discussion

This action is subject to dismissal because the complaint and attachments leave unclear the precise grounds for relief Plaintiff intends to assert. The court-approved form complaint provides distinct places for a plaintiff to identify which "constitutional rights, privileges or immunities have been violated" for each of up to three counts. (Doc. 1, p. 3-4.) In this portion of the form complaint, however, Plaintiff merely refers the Court generally to the entire eight pages of an attached memorandum. (Doc. 1, p. 3-4.) The memorandum includes both five "issues" and three "causes of action," none of which are tied to specific supporting facts. It does not clearly identify a Count I, Count II, or Count III.

The general nature of Plaintiff's claims appears to be related to the location of weight equipment outside yet not under a shelter or awning, his injury while using that equipment, and the medical care he received and did not receive for his injury. But although the Court liberally construes pro se pleadings, it "will not . . . construct a legal theory on plaintiff's behalf." *See Whitney*, 113 F.3d at 1173-74. The Court requires the use of court-approved forms in order to allow it to readily determine the nature of a plaintiff's claims and the facts supporting each claim. It cannot make such a determination from the materials submitted by Plaintiff in this matter. Plaintiff will be given the opportunity to submit an amended complaint, on court-approved forms, that articulates distinct causes of action and the supporting facts for each cause of action. Although the lack of clarity leaves this complaint subject to dismissal in its entirety, the Court notes some additional deficiencies in the complaint that Plaintiff should cure in any amended complaint he may file.

First, an essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Thus, to the extent that Plaintiff asserts that Defendants Alexander and Skidmore are liable because they are "responsible for the actions or inactions of . . . employees under his immediate supervision," (*see* Doc. 1 p. 8) Plaintiff has failed to state a claim on which relief may be granted. To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). This principle applies with equal force the unnamed Defendant Core Civic Supervisor of Maintenance and Defendant Tilson.

Relatedly, the allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *see Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012). Thus, Plaintiff's allegation that "Defendant Skidmore will not override Alexander[']s order to not fix or repair weights," without more, does not state a claim on which relief can be granted.

Similarly, a corporation acting under color of state law can be held liable under § 1983 only for unconstitutional policies and practices. It cannot be held liable under the doctrine of

6

respondeat superior for the individual actions of its employees. *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (state prison medical department not a "person" under § 1983); *Green v. Rubenstein*, 644 F. Supp. 2d 723, 738 (S.D. W. Va. 2009); *Dudley v. Food Service-Just Care*, 519 F.Supp.2d 602, 604 (D. S.C. 2007). Because the current complaint does not identify an unconstitutional policy or practice, Defendant Centurion Health is subject to dismissal from this matter.

Next, to the extent that Plaintiff bases his claims on the violation of Kansas statutes, he has failed to state grounds for relief under § 1983, which requires an alleged violation of federal law. "[N]ot every violation of state law or state-mandated procedure is a violation of the Constitution." *See Massey v. Helman*, 259 F.3d 642, 647 (7th Cir. 2001)(citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993)). Thus, any state-law-based claim is subject to dismissal.

Finally, as noted above, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). However, "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1110. Plaintiff must ensure that any amended complaint contains sufficient facts to support his claims.

For example, Plaintiff asserts in the complaint that someone "[a]dministered [m]edication they knew of severe [a]llergic reaction to[.]" (Doc. 1, p. 12.) But Plaintiff does not allege who administered the medication, when that person did so, specifically how the administration harmed Plaintiff, or particular facts that support the theory that the person knew of Plaintiff's allergy prior to administering the medication. Thus, Plaintiff has failed to state a claim involving the

administration of the medication on which relief can be granted.

More specifically, if Plaintiff intends to assert a claim of cruel and unusual punishment based on inadequate provision of medical case, he must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boyett v. County of Washington*, 282 Fed. Appx. 667, 672 (10th Cir. 2008) (citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). In the objective analysis, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999); *Martinez*, 430 F.3d at 1304 (quoting *Farmer*, 511 U.S. at 834 (quotation omitted)).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)(quotation omitted)). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)(quotation omitted)).

To the extent that Plaintiff intends to assert a claim that certain Defendants violated their

duty under the Eighth Amendment to protect him from harm by failing to provide safe weight-lifting equipment, the United States Supreme Court has held that two components must be satisfied. *See Farmer*, 511 U.S. at 834. First, there is an objective component requiring the inmate to show he was "incarcerated under conditions posing a substantial risk of serious harm;" and second, there is a subjective component requiring that defendants acted with the culpable state of mind referred to as "deliberate indifference." *Id.*; *Wilson v. Seiter*, 501 U.S. 294, 299 (1991).

Deliberate indifference exists when an official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837 ("[T]the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir.), *cert. denied*, 546 U.S. 1003 (2005). Deliberate indifference requires "a higher degree of fault than negligence." *Hovater v. Robinson*, 1 F.3d 1063, 1066 (10th Cir. 1993)(other citations omitted); *Farmer*, 511 U.S. at 835. A prison official's "failure to alleviate a significant risk that he should have perceived but did not" does not amount to the infliction of cruel and unusual punishment. *Id.* Thus, Plaintiff must allege facts indicating that Defendants actually knew of but disregarded a serious risk to him, rather than that they should have been aware of possible danger. *See id.*

## IV.    Conclusion

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. An amended complaint does not simply supplement the original complaint; it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. Plaintiff may not refer to an earlier pleading, and the amended complaint must contain all allegations, claims,

and exhibits that Plaintiff intends to pursue in this action, including those to be retained from the initial complaint.

Plaintiff must write the number of this case (22-3278) at the top of the first page of his amended complaint. He must allege sufficient additional facts to show that each defendant personally participated in the federal constitutional violation, as discussed above. Plaintiff may attach additional pages to the form complaint if necessary, but he should not utilize the form complaint only to refer the Court generally to an attached memorandum. Plaintiff must clearly identify each cause of action and the specific facts that support each cause of action, as explained above. If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which may be dismissed for the reasons stated herein without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including November 29, 2022, to file a complete and proper amended complaint to cure all the deficiencies discussed herein. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 28th day of October, 2022, at Kansas City, Kansas.

<u>S/ James P. O'Hara</u>

JAMES P. O'HARA
United States Magistrate Judge