IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PETTIX MCMILLAN,

                       **Plaintiff,**

      v.                                         CASE NO. 22-3278-JWL

BYRON ALEXANDER, ET AL.,

                       **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Pettix McMillan, a state prisoner who is incarcerated at Lansing Correctional Facility (LCF) in Lansing, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. It comes before the Court on Petitioner's second amended complaint. (Docs. 14, 15, 16.[1]) The Court has conducted the statutorily required review of the second amended complaint and concludes that, like the two complaints before it, the second amended complaint fails to state a claim on which relief can be granted. Thus, the Court will dismiss this matter without prejudice.

**I.    The Initial Complaint (Doc. 1)**

Plaintiff filed his initial complaint on October 26, 2022. (Doc. 1.) Because Plaintiff was a prisoner at the time, the Court was required by statute to screen the complaint and to dismiss it or any portion thereof that was frivolous, failed to state a claim on which relief may be granted, or sought relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). The Court screened the complaint and on October 28, 2022, issued a

---

[1] When Plaintiff initially filed his second amended complaint on February 27, 2023, it was missing certain pages. (Doc. 14.) Plaintiff quickly supplied the Court with the missing pages. (Docs. 15 and 16.) On March 2, 2023, the Court received from  The Court assures Plaintiff that the second amended complaint has been considered in its entirety.

memorandum and order (M&O) identifying certain deficiencies that led the Court to conclude that the complaint was subject to dismissal in its entirety. (Doc. 4.)

Specifically, the M&O pointed out that the complaint and the attachments thereto left unclear the precise grounds for relief Plaintiff intended to assert. *Id.* at 5. The documents identified five "issues" and three "causes of action," but did not tie any of those to specific supporting facts and did not clearly identify a Count I, Count II, or Count III. *Id.* In addition, the Court explained that in order to state a plausible claim under § 1983, Plaintiff must allege a defendant's direct personal participation in the acts or inactions upon which the complaint is based. It is not sufficient to allege only that an individual denied or failed to respond to a grievance or only that an individual had supervisory authority over another who violated Plaintiff's constitutional rights. *Id.* at 6.

The M&O also advised Plaintiff that plausible claims for relief under § 1983 cannot rest on alleged violation of Kansas statutes; rather, § 1983 requires an alleged violation of federal law. *Id.* at 7. Thus, Plaintiff's state-law-based claims were subject to dismissal. Finally, the M&O explained that to state a claim under § 1983, Plaintiff needed to explain what each named defendant had done to him, when they did it, how that harmed him, and what specific right he believes was violated. *Id.* Conclusory allegations without specific supporting facts are not sufficient to state a claim. *Id.* Because the deficiencies in the complaint left it subject to dismissal in its entirety, the Court granted Plaintiff time in which to file a complete and proper amended complaint that cured the deficiencies discussed in the M&O. *Id.* at 9-10.

II.   **The Amended Complaint (Doc. 9)**

Plaintiff timely filed his amended complaint on December 23, 2022. (Doc. 9.) The Court conducted the statutorily required screening of the amended complaint and, on December 30, 2022, issued a second M&O. (Doc. 10.) Although the amended complaint cured some of the deficiencies

identified in the Court's initial M&O, it remained subject to dismissal in its entirety. *Id.* The second M&O explained that even liberally construing the amended complaint and attachments thereto, Plaintiff's asserted grounds for relief remained unclear, as did which factual allegations were related to which claim or claims for relief. *Id.* at 6.

The second M&O pointed out that Plaintiff again largely failed to tie specific actions to specific defendants, instead referring generally to actions by "Defendant(s)." *Id.* at 8. It also noted that despite the initial M&O, the second amended complaint appeared to allege again that one defendant was civilly liable for denying a grievance and that another was civilly liable due to her supervisory or managerial role. *Id.* at 9-10. Finally, the Court noted that the amended complaint continued to appear to allege state-law claims. *Id.* at 10. Despite the fact that the amended complaint remained fatally deficient, the Court granted Plaintiff a final opportunity to file a complete and proper complaint in this matter. The Court reiterated:

> Plaintiff must write the number of this case (22-3278) at the top of the first page of his second amended complaint. Therein, he must allege sufficient specific facts to show that each defendant personally participated in a federal constitutional violation, as discussed above. Plaintiff may attach additional pages to the form complaint if necessary to identify additional counts in the section of the form entitled "Cause of Action," but he should not utilize the form complaint only to refer the Court generally to an attached memorandum.
>
> To be clear, Plaintiff must clearly identify each asserted cause of action as Count I, II, III, etc. in the appropriate portion of the form complaint or on an attached page that clearly corresponds to that portion of the form complaint. He must allege specific facts that sufficiently support each cause of action, including which Defendant or Defendants participated in the alleged violation, how and when they participated in the violation, and any other facts related to the violation. Plaintiff may attach additional pages to the form complaint he will be provided, but any attached pages that allege facts in support of a particular claim must clearly identify which Count they support. If Plaintiff timely files a second amended complaint, the Court will conduct an initial screening and issue further orders as necessary. If Plaintiff fails to timely file a second amended complaint, the Court will proceed on the current amended complaint, which may be dismissed for the reasons stated herein without further prior notice to Plaintiff.

*Id.* at 10-11.

**III.    The Second Amended Complaint (Docs. 14 and 15)**

The matter comes now before the Court for the statutorily required screening of Plaintiff's timely filed second amended complaint. Plaintiff now names as Defendants LCF Activities Specialist II Byron Alexander, Corrections Officer Justin Kennett, Unit Team Manager Madison Potter, Corrections Officer and Grievance Officer Scott Kincaid, Classification Administrator Rob Arnold, and Medical Health Care Administrator Kim Tilson. (Doc. 14, p. 1-2, 4; Doc. 15, p. 4.) The factual background for the second amended complaint involves the circumstances surrounding an injury Plaintiff suffered while using weight equipment at LCF and events that followed. (Doc. 14, p. 2.)

The Court has conducted a thorough review of the second amended complaint and all attached documents and concludes that, like the initial complaint and the amended complaint, the second amended complaint fails to state a plausible claim for relief under 42 U.S.C. § 1983. Moreover, the deficiencies in the second amended complaint are of the type that the Court has previously pointed out in the initial complaint and the amended complaint.

For example, the Court has previously advised Plaintiff that a plausible claim for relief under § 1983 must be based on an alleged violation of federal law, not state law. (*See* Doc. 4, p. 7; Doc. 10, p. 10.) Yet Count I includes a claim based on the violation of Kansas Administrative Regulations. (Doc. 14, p. 3.) In addition, the facts alleged to support Count I fail to allege adequate personal participation by any named defendant.

Plaintiff identifies the alleged facts supporting Count I as Defendant Potter's ignorance of the grievance process, her general failure to investigate Plaintiff's injury, and her denial of Plaintiff's complaint, as well as the termination of Defendant Potter's employment for violating

unspecified provisions of the Kansas Department of Corrections Code of Employee Conduct. *Id.* at 3-4. Count I also is based on Defendant Kincaid's denial of Plaintiff's grievance and his alleged unauthorized viewing of Plaintiff's medical file. *Id.* As was previously explained to Plaintiff, the denial of a complaint or grievance, standing alone, is not sufficient to support a plausible claim for relief under § 1983. (*See* Doc. 4, p. 6; Doc. 10, p. 9.) Nor are Plaintiff's conclusory allegations that Defendant Potter "was naïve and ignorant of the grievance process because she failed to investigate [Plaintiff's] severe injury" sufficient. (*See* Doc. 4, p. 7; Doc. 10, p. 6.)

As Count II, Plaintiff alleges the violation of his right to be free from cruel and unusual punishment, as protected by the Eighth Amendment to the United States Constitution. *Id.* at 3. The alleged facts supporting Count II involve Defendants Alexander, Arnold, Kennett, and Tilson, but once again fail to sufficiently allege any defendant's personal participation in an alleged constitutional violation. Plaintiff alleges that Defendant Alexander was the individual at LCF responsible for scheduling and perhaps performing maintenance on gym equipment such as the weight bar that injured Plaintiff, but Defendant Alexander negligently failed to ensure that the weight bar was safe to use. (Doc. 14, p. 5.) Claims under § 1983 may not be predicated on mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986); *see also Medina v. City and County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992) ("negligence and gross negligence do not give rise to section 1983 liability"). As previously explained to Plaintiff, however, an Eighth Amendment claim for unconstitutional deliberate indifference requires a higher degree of fault than negligence and a prison official's "failure to alleviate a significant risk that he should have perceived but did not" does not amount to the infliction of cruel and unusual punishment.  (*See* Doc. 4, p. 9-10 (citing *Hovater v. Robinson*, 1 F.3d 1063, 1066 (10th Cir. 1993) (citations omitted), and *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

Defendant Kennett was the yard officer when Plaintiff was injured while lifting weights, but he did not see the accident, was not the first to respond to the incident and he failed to properly document the incident. (Doc. 14, p. 2-4.) Without more, this does not allege facts sufficient to support a plausible claim under § 1983. At best, it too appears to allege a claim of mere negligence.

As Medical Health Care Administrator, Defendant Tilson allegedly "is responsible for the training of each medical staff," and, along with "others," she "failed to act diligent[ly] to treat [Plaintiff's] physical injury, and to be mindful of [his] future suffering." *Id.* at 5. The Court has previously advised Plaintiff about what is necessary to assert a plausible Eighth Amendment claim of cruel and unusual punishment based on a defendant's deliberate indifference to serious medical needs. (*See* Doc. 4, p. 8-9.) Moreover, Plaintiff has been advised that in his second amended complaint, he "must allege specific facts that sufficiently support each cause of action, including which Defendant or Defendants participated in the alleged violation, how and when they participated in the violation, and any other facts related to the violation." (*See* Doc. 10, p. 10-11.) In the absence of such specific facts, the conclusory allegations about Defendant Tilson's liability are insufficient to state a claim on which relief can be granted.

Finally, the second amended complaint alleges that Defendant Arnold "threatened the plaintiff's job" despite Plaintiff having suffered a serious concussion. (Doc. 14, p. 4.) Specifically, Defendant Arnold allegedly threatened Plaintiff with disciplinary action if he did not return to work after the accident, even though Plaintiff was still suffering concussion symptoms. *Id.* The attachments to the second amended complaint include a request from Plaintiff to a LCF staff member Angela Demencius asking her "to fill out an affidavit of truth about when you told me that Rob Arnold told you to tell me if I don't go to work he would write me up." (Doc. 14, p. 6; Doc. 14-2, p. 64.) Plaintiff's requests for confirmation that Ms. Demencius gave him this

6

information were denied. *Id.* at 64-66.

Even liberally construing the second amended complaint, the allegation that Defendant Arnold threatened to would write Plaintiff up if he did not return to work is simply not enough to state a plausible claim of cruel and unusual punishment. "Mere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alavarez v. Gonzales*, 155 Fed.Appx. 393, 396 (10th Cir. 2005)(citing *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992)). Plaintiff has not alleged that the threat of disciplinary action created this level of terror. In addition, there is no indication that Defendant Arnold was deliberately indifferent to any risk of harm to Plaintiff if he returned to work, as would be necessary to show that Defendant Arnold's threat constitutes deliberate indifference to Plaintiff's safety. (*See* Doc. 4, p. 8-9.)

## IV.   Conclusion

For the reasons stated herein, the second amended complaint, like the initial complaint and the amended complaint, fails to state a plausible claim on which relief could be granted under 42 U.S.C. § 1983. Put another way, the Court's prior orders explained to Plaintiff the requirements for stating a plausible claim for relief under § 1983, including, among other things, showing the personal participation of each defendant and alleging facts that, when taken as true, show an Eighth Amendment violation. The M&Os warned Plaintiff that the failure to show sufficient personal participation and/or the failure to allege facts that support a plausible claim that Petitioner's federal rights were violated meant that this matter was subject to dismissal in its entirety. Yet the second amended complaint fails to allege facts that support a plausible claim under § 1983 against any named defendant. Thus, Plaintiff has failed to cure the deficiencies the Court identified in its prior orders that left this matter subject to dismissal in its entirety. Accordingly, the Court will dismiss

this matter for failure to state a claim on which relief can be granted.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

DATED:  This 2nd day of March, 2023, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>

JOHN W. LUNGSTRUM
United States District Judge