IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PETTIX MCMILLAN,

                     Plaintiff,

      v.                                               CASE NO. 22-3278-JWL

BYRON ALEXANDER, et al.,

                     Defendants.

**ORDER**

This matter is a civil rights action filed under 42 U.S.C. § 1983 by Plaintiff Pettix McMillan, a prisoner in state custody. In an order dated March 2, 2023, the Court dismissed this matter without prejudice for failure to state a claim on which relief can be granted. (Doc. 17.) The matter comes before the Court on Plaintiff's "Motion to Alter or Amend the Judgment or Reconsider," filed March 10, 2023. (Doc. 19.)

Plaintiff brings his motion under Federal Rule of Civil Procedure 59(e). *Id.* The Court may grant a motion to amend judgment under Rule 59(e) only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000); *see also* D. Kan. Rule 7.3 (setting forth similar standards for motion to reconsider).

In his motion, Plaintiff emphasizes his pro se status, advising the Court that he is not a trained lawyer, he has no experience in the law, and he has a traumatic brain injury that causes difficulty with comprehension and understanding. (Doc. 19, p. 1-2.) Plaintiff also advises the Court that he "did not fully understand the court's orders, and thought he was conveying that to the

1

court." *Id.* at 2. He reminds the Court of its duty to liberally construe pro se pleadings and hold them to a less stringent standard than those submitted by licensed attorneys. *Id.* at 1. Liberally construing the motion, Plaintiff asserts that his second amended complaint can be reasonably read to state a valid claim upon which he could prevail. *Id.* at 2-3.

Liberally construing the motion, it appears to ask the Court to reconsider the dismissal because the Court may have "misapprehended . . . the controlling law," which is a recognized basis for relief under Rule 59(e). *See Castanon v. Cathey*, 976 F.3d 1136, 1140-41 (10th Cir. 2020). Plaintiff is not entitled to relief on this argument, however, because the Court has consistently taken into account Plaintiff's status as a pro se litigant and Plaintiff has identified no instance in which the Court applied an incorrect legal standard in reviewing the complaints.

As noted in previous orders, the Court has liberally construed the complaints in this matter and held them to "less stringent standards than formal pleadings drafted by lawyers." (*See* Doc. 4, p. 3-4; Doc. 10, p. 5; Doc. 17, p. 7.) As also previously explained, however, "the Court 'will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf.'" (Doc. 10, p. 6 (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)).) Moreover, as noted in the caselaw Plaintiff cites in his motion to reconsider, even when "taking plaintiffs' allegations as true, the Court may 'eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets.'" *Blake v. Southcoast Health System, Inc.*, 145 F. Supp. 2d 126, 130 (D. Mass. 2001).[1] Put another way, conclusory statements

---

[1] The Court notes that *Blake* is an opinion issued by the United States District Court for the District of Massachusetts. As such, it is not binding on this Court, but is rather persuasive legal authority. *See Ullery v. Bradley*, 949 F.3d 1282, 1294-95 (10th Cir. 2020) (discussing the practice of looking to "'persuasive authority' from other jurisdictions" when there is no "binding precedent specifically adjudicating the right at issue"). In this particular instance, the persuasive authority Plaintiff cites in *Blake* substantively mirrors binding precedent from the Tenth Circuit, as laid out in *Hall*. Similarly, the Kansas Supreme Court case Plaintiff cites is persuasive authority only, as the state courts are separate and distinct from federal courts such as this one. And, as the Court has informed Plaintiff, claims for relief under 42 U.S.C. § 1983 cannot be based on alleged violation of state law. (*See* Doc. 17, p. 2.)

that are not supported by factual allegations are not sufficient to state a claim upon which relief can be based. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); (*See also* Doc. 4, p. 4 (quoting *Hall* for this principle); Doc. 10, p. 6 (same); Doc. 17, p. 2 (repeating this principle).)

Plaintiff has not identified any particular instance in which the Court failed to liberally construe his pleadings. Rather, Plaintiff appears to ask the Court to assist him in making his complaints conform to the requirements for stating a claim under § 1983. While the Court is sympathetic to the effects of a traumatic brain injury and the difficulties facing an untrained pro se litigant, it may not construct a legal theory on Plaintiff's behalf nor may it supply additional factual allegations in order to render a Plaintiff's complaint factually sufficient. The Court has reviewed its prior orders and concludes that it correctly held that Plaintiff failed to state a claim for which relief is available under 42 U.S.C. § 1983.

Plaintiff also alleges in his current motion that his requests for a maintenance schedule related to exercise equipment have been refused, which demonstrates that abandonment of required maintenance led directly to his injury. (Doc. 19, p. 2.) He states that he is still waiting for medical reports which will help him to obtain expert witnesses, he fears for his life because his difficulties increase the danger he faces during his work with heavy machinery, and the named defendants "are being deliberately indifferent to [his] serious medical needs." *Id.* at 2. Plaintiff points to his efforts to use the inmate grievance process to resolve the situation underlying this matter and he broadly asserts that Defendants "were deliberately indifferent in answering his requests" and "used procedural screens to answer his request with inaction." *Id.* at 3.

A motion under Rule 59(e) is not to be used to rehash arguments that have been addressed or to present supporting facts that could have been presented in earlier filings. *Servants of the Paraclete*, 294 F.3d at 1012. Because Plaintiff asks this court to reconsider arguments and evidence

3

that were or could have been presented through earlier filings, he has not met the standard required for the Court to amend its March 2, 2023 Order and Judgment, and that ruling stands.

**IT IS, THEREFORE, BY THE COURT ORDERED** that Plaintiff's motion to amend the judgment (Doc. 19) is denied.

**IT IS SO ORDERED.**

DATED:   This 13th day of March, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge

4